(1:12cv2765)

PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELEXIS REDDING, ) | |
| ) | CASE NO. 1:12cv2765 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MAGGIE BRADSHAW, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** [Resolving ECF No. 1] |

Before the Court is *pro se* Petitioner Elexis Redding's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner, who is incarcerated at Richland Correctional Institution ("RCI") in Mansfield, Ohio, seeks an Order compelling Respondent Maggie Bradshaw, Warden at RCI, to adjust his date of release from prison. ECF No. 1 at 14. For the reasons explained below, the Court dismisses the action without prejudice because Petitioner failed to exhaust his State court remedies.

### I. Background

Petitioner was charged with felonious assault and domestic violence in the Cuyahoga County Court of Common Pleas in 2010. ECF No. 1-1 at 1. He pleaded guilty to the charges and the court imposed a prison term of 4 years on November 8, 2010. ECF No. 1 at 1. While Petitioner does not detail the grounds upon which he filed a subsequent appeal, he does state that "court costs were vacated." ECF No. 1 at 3.

(1:12cv2765)

On August 23, 2012, Petitioner filed a Motion for Jail Time Credit in the Cuyahoga County Court of Common Pleas. ECF No. 1 at 15. The motion was granted by Judge Hollie Gallagher on September 5, 2012. ECF No. 1 at 5. A copy of the Journal Entry (JE) attached to the Petition reveals Judge Gallagher awarded jail credit to Petitioner from July 29, 2010 until November 15, 2010. ECF No. 1-1 at 2. As a result, Petitioner submitted a request form ("kite") to Bureau of Sentence Computation (BOSCO) asking when his "outdate" would be adjusted to reflect the implementation of the judge's Order. ECF No. 1 at 15. BOSCO responded that it had received the judge's journal entry and already applied Petitioner's jail credit at the time he was admitted to prison. ECF No. 1 at 15. The responder added that this resulted in a total award of 109 days jail credit to Petitioner's sentence. ECF No. 1-1 at 5.

Petitioner protested that his sentence should have been adjusted from 4 years to 3 years, 8 months and 11 days as a result of the court's order. ECF No. 1 at 15. Frustrated that BOSCO would not change his release date, Petitioner filed a Motion to Amend Journal Entry to Reflect Jail Time Credit in an attempt to change the date to reflect the credit awarded by the court. ECF No. 1 at 17. Judge Gallagher granted the motion on October 5, 2012. ECF No. 1 at 17.

A second kite was filed by Petitioner, with copies of both journal entries attached, asking BOSCO to change his release date to reflect the jail credit he was granted. ECF No. 1 at 16. In response, BOSCO advised Petitioner that the out date in place at the time he was admitted to prison already took into account the 109 days of jail credit the court awarded. ECF No. 1-1 at 3.

Reluctant to appeal the trial court's judgment for fear it would appear he is challenging the trial court's order, Petitioner states he plans to file a third Motion with the trial court because

2

(1:12cv2765)

he cannot foresee any other option. ECF No. 1 at 17. In the interim, he filed this request for habeas relief.[1]

## II. 28 U.S.C. § 2254

Federal habeas corpus review under 28 U.S.C. § 2254 is available to a person in custody pursuant to a State court judgment if he is being held in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). Even when a State prisoner challenges something other than his underlying State conviction, section 2254 is the exclusive vehicle through which that prisoner may challenge the execution or manner in which his sentence is served. *See Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

An application for a writ of habeas corpus pursuant to § 2254 shall not be granted, however, unless a petitioner has exhausted his State court remedies; there is an absence of an available State corrective process; or circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). To properly exhaust available remedies, each claim must have been "fairly presented" to the State courts. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the State courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. To do so, a petitioner must provide the State courts with "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel,*

---

[1] The docket in his criminal case reveals Petitioner did file a third motion that was denied as moot on November 16, 2012. *See Redding*, No. 10-CR-539460 (JE of 11/16/12), http://cpdocket.cp.cuyahogacounty.us/tos.aspx.

3

(1:12cv2765)

526 U.S. 838, 845 (1999); *Hafley v. Sawders*, 902 F.2d 480, 483 (6th Cir. 1990).

In Ohio, the department of rehabilitation and correction is mandated to reduce the stated prison term of a person who has earned jail time credit under Ohio Rev. Code § 2967.191. It is clear Petitioner pursued and was granted jail time credits by the trial court. The question, therefore, is whether he has provided the State courts with an opportunity to fully resolve any constitutional issues before bringing the matter to Federal court. The Court finds he has not.

The Ohio Administrative Code (OAC) provides, in pertinent part:

> A party questioning either the number of days contained in the journal entry or the record of the sheriff shall be instructed to address his concerns to the court or sheriff. Unless the court issues an entry modifying the amount of jail time credit or the sheriff sends the institution corrected information about time confined awaiting transport, *no change will be made*.

OAC § 5120-2-04(H)(emphasis added). Clearly, Petitioner is not questioning the number of jail time credit days the court has awarded in its journal entry. Instead, Petitioner is attempting to resolve whether his current release date of July 27, 2014 reflects an adjustment to the court's stated prison term of 4 years.

In Ohio, the trial court judge is required to

> make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a [S]tate correctional institution, forward a statement of the number of days of confinement which he is entitled by law to have credited. This information *is required to be included within the journal entry imposing the sentence* or stated prison term.

OAC § 5120-2-04(B)(emphasis added). BOSCO's response to Petitioner's kite implies the trial court satisfied its obligation, albeit by modification of the court's original sentencing journal

4

(1:12cv2765)

entry.² Petitioner was advised that, prior to his admission to RCI, the prison was notified of the number of jail time credit days to which he was entitled.³ On this basis, BOSCO states it entered Petitioner's current out date based upon the jail credit awarded by the trial court.

At the time Petitioner was admitted to RCI, however, there was no journal entry awarding him jail time credit. Therefore, under circumstance where

> the court's journal entry of sentence . . . fails to specify that the offender is entitled to any credit up to the date of sentencing, the bureau of sentence computation shall reduce the sentence or stated prison term *only by the number of days the offender was confined between the date of the sentencing entry and the date the offender was committed to the department*.

OAC § 5120-2-04(E). This calls into question whether Petitioner received all the credit to which

---

² The original journal entry issued at sentencing states, in part: "JAIL CREDIT DAYS TO DATE TO BE CALCULATED BY THE SHERIFF." *Redding*, No. 10-CR-539460 (JE of 11/8/10), http://cpdocket.cp.cuyahogacounty.us/tos.aspx. Judge Gallagher expressly amended this document when she granted Petitioner's Motion to Amend Journal Entry on October 5, 2012. ECF No. 1-1 at 2.

³ Based upon Judge Gallagher's original JE, the Court presumes it was the sheriff who advised BOSCO how many days Petitioner was confined prior to sentencing. This is consistent with OAC § 5120-2-04(C), which states:

> When the sheriff delivers the offender to the department of rehabilitation and correction's reception center, he shall present the managing officer with a copy of the offender's sentence, . . . that specifies the total number of days, if any, the offender was confined for any reason prior to conviction and sentence and a record of the days he was confined for the offense between the date of sentencing and the date committed to the reception center.

OAC § 5120-2-04(C).

5

(1:12cv2765)

he is entitled because the trial court's journal entry did not specify any award of jail credit at the time Petitioner was sentenced. Moreover, the relevant Code provision prohibits BOSCO from reducing a prisoner's sentence based upon jail credit unless it complies with the rule. *See* OAC § 5120-2-04(H).[4]

Petitioner has failed to fairly present this claim through the requisite levels of State appellate review, and still has an avenue open to him in the State courts by which he may present the claim. It would appear Petitioner is seeking the issuance of an order under which the Respondent would be required to deduct additional jail-time credit from his criminal sentence. To that end, he may file an application for writ of mandamus pursuant to ORC § 2731.04 in the trial court. *See State v. Berger,* 477 N.E.2d 473, 477 (Ohio Ct. App. 1984). Petitioner should be mindful that his application for writ of mandamus must comply with the revised code and local rules. *See, e.g., Leonard v. State,* 2009 WL 3772794, at *2 (Ohio Ct. App., Nov. 6, 2009)(outlining deficiencies in a mandamus petition warranting dismissal).

Petitioner's failure to exhaust his State court remedies, when a process remains available through which he may present his claims in State court, subjects his petition to dismissal without prejudice for failure to exhaust State remedies. *See* 28 U.S.C. § 2254(c).

### III. Conclusion

Based upon the foregoing, this action is dismissed without prejudice because Petitioner failed to exhaust his State court remedies. Further, the Court certifies, pursuant to 28 U.S.C. §

---

[4] Under a provision of the OAC, it is mandated that "[t]he bureau of sentence computation *shall not reduce a sentence*, stated prison term or combination thereof for jail time credit *except in accordance with this rule*." OAC § 5120-2-04(H)(emphasis added).

(1:12cv2765)

1915(a)(3), that an appeal from this decision could not be taken in good faith,[5] and that there is no basis upon which to issue a certificate of appealability.  FED. R. APP. P. 22(b); 28 U.S.C. § 2253.

    IT IS SO ORDERED.


    November 30, 2012                                        *s/ Benita Y. Pearson*
Date                                                           Benita Y. Pearson
                                                                   United States District Judge

---

    [5] 28 U.S.C. § 1915(a)(3) provides:  "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."